UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LILLIAN VEGA,

   Plaintiff,

vs.

ALPHACARE OF NEW YORK, INC. and MAGELLAN HEALTHCARE, INC.,

   Defendants.

Case No. 14-cv-5787

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT ALPHACARE OF NEW YORK, INC.**

  Defendant AlphaCare of New York, Inc. ("Defendant AlphaCare"), by and through its attorneys, Kelley Drye & Warren LLP, as and for its answer to the Complaint ("Complaint") filed by Plaintiff Lillian Vega ("Plaintiff"), hereby states as follows:

**PRELIMINARY STATEMENT**

  1. Paragraph 1 of the Complaint contains a statement of the nature of Plaintiff's claims and contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant AlphaCare admits that Plaintiff was employed by Defendant AlphaCare but denies that it has violated or deprived Plaintiff of any rights provided under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") or under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL").

**JURISDICTION AND VENUE**

  2. Paragraph 2 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant AlphaCare admits that Plaintiff purports to assert jurisdiction over Plaintiff's Section 1981 claim pursuant to 28 U.S.C. § 1331.

3. Paragraph 3 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant AlphaCare admits that Plaintiff purports to assert jurisdiction over Plaintiff's NYCHRL claim pursuant to 28 U.S.C. § 1367.

4. Paragraph 4 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant AlphaCare admits that Plaintiff purports to base venue in the Eastern District of New York.

## **TRIAL BY JURY**

5. Paragraph 5 states Plaintiff's request for a jury trial to which no response is required. To the extent a response is required, Defendant AlphaCare admits that Plaintiff requests a jury trial.

## **PARTIES**

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Admits the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

## **STATEMENT OF FACTS**

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff is female and, upon information and belief, was born in 1955.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff was hired by Defendant AlphaCare in November 2013.

11. Admits the allegations in Paragraph 11 of the Complaint, and further states that Plaintiff was employed solely by Defendant AlphaCare.

12. Denies each and every allegation of Paragraph 12 of the Complaint, except admits that Plaintiff's job title was Senior Vice President of Operations for Defendant AlphaCare.

13. Denies each and every allegation in Paragraph 13 of the Complaint.

14. Denies each and every allegation in Paragraph 14 of the Complaint.

15. Denies each and every allegation in Paragraph 15 of the Complaint.

16. Admits the allegations in Paragraph 16 of the Complaint.

17. Denies each and every allegation in Paragraph 17 of the Complaint.

18. Denies each and every allegation in Paragraph 18 of the Complaint.

19. Denies the allegations in Paragraph 19 of the Complaint, except admits that Defendant AlphaCare made the decision to hire a Chief Operating Officer ("COO") and informed Plaintiff of AlphaCare's decision.

20. Denies each and every allegation in Paragraph 20 of the Complaint, and avers that Plaintiff was not qualified to be COO of Defendant AlphaCare.

21. Denies each and every allegation in Paragraph 21 of the Complaint, except admits that, on June 27, 2014, Mr. Parietti sent an email regarding Scott Ptacek's employment, which email speaks for itself, and admits that Mr. Ptacek began as COO for Defendant AlphaCare on or about June 30, 2014.

22. Admits upon information and belief the allegations in Paragraph 22 of the Complaint.

23. Denies each and every allegation in Paragraph 23 of the Complaint.

24. Denies each and every allegation in Paragraph 24 of the Complaint.

25. Denies each and every allegation in Paragraph 25 of the Complaint.

26. Denies each and every allegation in Paragraph 26 of the Complaint.

27. Denies each and every allegation in Paragraph 27 of the Complaint.

28. Denies each and every allegation in Paragraph 28 of the Complaint except admits that, on July 17, 2014, Plaintiff sent Defendant AlphaCare's Human Resources Manager an email, which speaks for itself.

29. Denies each and every allegation in Paragraph 29 of the Complaint except admits that Defendant AlphaCare's Human Resources Manager advised Plaintiff to speak with Mr. Parietti and Mr. Ptacek regarding the division of work.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. Denies each and every allegation in Paragraph 31 of the Complaint.

32. Denies each and every allegation in Paragraph 32 of the Complaint, and avers that Plaintiff's employment with Defendant AlphaCare was terminated on July 28, 2014.

33. Denies each and every allegation in Paragraph 33 of the Complaint except admits that, on July 27, 2014, Plaintiff and Mr. Parietti exchanged text messages, which speak for themselves.

34. Denies each and every allegation in Paragraph 34 of the Complaint, except admits that, on July 28, 2014, Plaintiff was informed it was her last day of employment with Defendant AlphaCare.

35. Denies each and every allegation in Paragraph 35 of the Complaint, except admits that Gloria Tutt-King's employment with Defendant AlphaCare as Senior Vice President of Finance was terminated in or around July 2014.

36. Denies each and every allegation in Paragraph 36 of the Complaint.

37. Denies each and every allegation in Paragraph 37 of the Complaint, except admits that, on July 28, 2014, Mr. Parietti sent an email regarding Plaintiff, which email speaks for itself.

38. Denies each and every allegation in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to Plaintiff's feelings, except denies that Defendant AlphaCare engaged in any discriminatory conduct.

## CLAIMS FOR RELIEF

### RESPONSE TO "FIRST CAUSE OF ACTION"

40. Defendant AlphaCare repeats and re-alleges each and every response set forth in Paragraphs 1-39 of the Answer, as if fully set forth herein.

41. Denies each and every allegation in Paragraph 41 of the Complaint. By way of further response, Defendant AlphaCare denies that it has violated or deprived Plaintiff of any rights under Section 1981.

42. Denies each and every allegation in Paragraph 42 of the Complaint.

43. Denies each and every allegation in Paragraph 43 of the Complaint and further denies that Plaintiff is entitled to damages or other relief from Defendant AlphaCare for any alleged losses or injuries suffered.

5

## RESPONSE TO "SECOND CAUSE OF ACTION"

44. Defendant AlphaCare repeats and re-alleges each and every response set forth in Paragraphs 1-43 of the Answer, as if fully set forth herein.

45. Paragraph 45 of the Complaint contains a statement regarding N.Y.C. Admin. Code § 8-107 to which no response is required. To the extent a response is required, Defendant AlphaCare refers the Court to the relevant statute for a complete and accurate statement of its terms.

46. Denies each and every allegation in Paragraph 46 of the Complaint. By way of further response, Defendant AlphaCare denies that it has violated or deprived Plaintiff of any rights under the NYCHRL or N.Y.C. Admin. Code § 8-107.

47. Denies each and every allegation in Paragraph 47 of the Complaint.

48. Denies each and every allegation in Paragraph 48 of the Complaint, and further denies that Plaintiff is entitled to damages or other relief from Defendant AlphaCare for any alleged losses or injuries suffered.

## REQUEST FOR RELIEF

The unnumbered WHEREFORE clause of the Complaint and lettered paragraphs A through F set forth a demand for relief to which no response is required. To the extent a response is required, Defendant AlphaCare denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or part, fails to state a claim upon which relief can be granted or upon which damages can be sought under Section 1981 or the NYCHRL.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant AlphaCare has not discriminated against Plaintiff in violation of Section 1981 or the NYCHRL.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All employment actions taken by Defendant AlphaCare and about which Plaintiff complains were taken for good and just cause and legitimate non-discriminatory business reasons.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has no damages or, alternatively, has failed, refused, and/or neglected to mitigate or avoid the damages complained of in her Complaint, if any.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims punitive damages, those claims are barred in that Defendant AlphaCare did not act willfully or with malice or reckless indifference toward Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant AlphaCare reserves the right to raise additional defenses, which may arise during discovery in this action.

WHEREFORE, Defendant AlphaCare requests judgment be entered against Plaintiff dismissing the Complaint in its entirety with prejudice and granting Defendant AlphaCare such other and further relief as the Court may deem necessary and proper.

Dated: New York, NY
December 5, 2014

KELLEY DRYE & WARREN LLP

By: */s/ Barbara E. Hoey*
Barbara E. Hoey
Jodi M. Frankel
101 Park Avenue
New York, NY 10178
T: (212) 808-7800
F: (212) 808-7897
bhoey@kelleydrye.com
jfrankel@kelleydrye.com

*Counsel for Defendant AlphaCare of New York, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 5, 2014, a copy of Defendant AlphaCare's Answer to Complaint and Affirmative Defenses was filed electronically with the Court through the ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, including:

    Walker G. Harman, Jr., Esq.
    The Harman Firm, P.C.
    1776 Broadway, Suite 2030
    New York, NY 10019
    P: (212) 425-2600
    Email: wharman@theharmanfirm.com

    *Counsel for Plaintiff*

            /s/ *Barbara E. Hoey*
            Barbara E. Hoey