UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILLIAN VEGA,<br><br>        Plaintiff,<br><br>-against-<br><br>ALPHACARE OF NEW YORK, INC., and MAGELLAN HEALTHCARE, INC.<br>        Defendants. | Case No.: 1:14-cv-05787-MKB-SMG<br><br>**STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION** |

**IT IS HEREBY STIPULATED AND AGREED** by and among undersigned counsel for Plaintiff Lillian Vega and Defendants AlphaCare of New York, Inc. ("AlphaCare") and Magellan Healthcare, Inc. ("Magellan") that the following restrictions and procedures shall apply to certain information, documents, excerpts from documents, and deposition testimony supplied by the parties to each other during litigation of this matter:

  1.  Counsel for any party may designate any document, materials, information contained in a document or other materials, information revealed in an interrogatory response, or information revealed during a deposition as "Confidential Information" if counsel determines, in good faith, that such information is non-public and that such designation is necessary to protect the interests of the client or a third party. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." The designation of such information as "Confidential Information" will not create any presumption that such information is in fact Confidential Information and may not be used as evidence by the parties in connection with any of their claims in this action.

  2.  Unless ordered by the Court, or otherwise provided for herein, the Confidential

NY01\FranJ\4080920.1

Information disclosed will be held and used by the party receiving such information solely for use in connection with the above-captioned action and any appeals thereof. Confidential Information shall be maintained within the possession of such party's counsel of record, who shall take all reasonable and prudent measures to safeguard the Confidential Information. Neither party nor its counsel shall in any way, directly or indirectly, publish or disseminate any Confidential Information without the written consent of the disclosing party.

3. In the event a party challenges another party's confidential designation, counsel shall notify the designating party in writing and the parties shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Except upon written consent of the producing party, information or documents designated as "Confidential Information" shall not be disclosed to any person, except:

    a. Plaintiff Lillian Vega, in accordance with the procedures set forth in paragraph 6 of this Stipulation and Order;

    b. Counsel of record in this action and employees, agents, or contractors of such counsel assigned to and reasonably necessary to assist in the litigation;

    c. AlphaCare's or Magellan's in-house counsel;

    d. Litigation consultants or experts engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants agree to be bound by the terms of this Stipulation Order and not to disclose Confidential Information except as permitted herein;

    e. Fact witnesses providing testimony by deposition or at any court proceeding in this case, provided disclosure is reasonably necessary for

purposes of such witnesses testimony, and then only in accordance with the procedures set forth in paragraph 6 of this Stipulation and Order;

    f.    The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person pursuant to paragraph 4, counsel shall:

    a.    inform the person of the confidential nature of the information or documents; and

    b.    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. Confidential Information may be disclosed to and discussed with the persons identified in Paragraphs 4(a) and 4(e) only on the condition that prior to any such display or discussion, each such person shall sign an agreement to be bound by this Stipulation and Order in the form attached hereto as Exhibit A and shall agree to submit to the jurisdiction of this Court for purposes of enforcement of this Stipulation and Order. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production, whichever period is longer. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. Nor shall the inadvertent

production or disclosure of any privileged or otherwise protected information by any party constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work product materials. In the event of an inadvertent disclosure of protected information, the receiving party shall immediately return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

8. With respect to confidential deposition testimony, Counsel for the designating party shall, either at the deposition or within 30 days after receipt of the transcript thereof, notify opposing counsel and the attendees, either on the record or in writing, that the information disclosed has been designated Confidential. In order to facilitate such designations, unless otherwise agreed to in writing, all deposition transcripts shall be treated as Confidential until 30 days after receipt.

9. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their attorney work product on the condition that such work product will remain confidential.

10. The Stipulation and Order is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Stipulation and Order. This Stipulation and Order may be enforced by either party and any violation may result

in the imposition of sanctions by the Court.

Stipulated and consented to by:

| THE HARMAN FIRM, P.C. | KELLEY DRYE & WARREN LLP |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Walker G. Harman, Jr.<br>1776 Broadway, Suite 2030<br>New York, NY 10019<br>*Attorney for Plaintiff* | Barbara E. Hoey, Esq.<br>101 Park Avenue<br>New York, New York 10178<br>Phone: (212) 808-7800<br>*Attorneys for Defendants* |
| Date: April 6, 2015 | Date: April 7, 2015 |

**PURSUANT TO STIPULATION, SO ORDERED** this ____ day of April 2015.

_____
Steven M. Gold, U.S.M.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILLIAN VEGA,<br><br>                Plaintiff,<br><br>-against-<br><br>ALPHACARE OF NEW YORK, INC., and MAGELLAN HEALTHCARE, INC.<br>                Defendants. | Case No.: 1:14-cv-05787-MKB-SMG<br><br>**CONFIDENTIALITY AGREEMENT** |

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Lillian Vega v. AlphaCare of New York, Inc., et al.</u> filed in the United States District Court for the Eastern District of New York, Civil Action No. 1:14-cv-05787-MKB-SMG have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____      DATED:
Signed in the presence of:


_____
(Attorney)