# THE HARMAN FIRM, PC
Attorneys & Counselors At Law
www.theharmanfirm.com

April 29, 2015

**VIA ECF**

Hon. Steven M. Gold
United States Chief Magistrate Judge
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Lillian Vega / AlphaCare of New York, Inc., et al.*
             *14 CV 5787 (MKB)(SMG)*

Dear Judge Gold:

      We represent Plaintiff Lillian Vega in this action. In accordance with Your Honor's individual rules, we write to request a pre-motion conference. An issue of serious concern has arisen with respect to Defendant AlphaCare's Defense, namely, that its sworn to, purported legitimate, non-discriminatory reason for Plaintiff's termination, is demonstrably false.

      As you may recall, Ms. Vega was the Senior Vice President of Operations for AlphaCare until, as alleged, she was illegally terminated due to her age, race and gender. Ms. Vega is fifty-eight (58) years old and Hispanic.

      In its Answer, Defendant AlphaCare's Third Affirmative Defense alleges: "All employment actions taken by Defendant AlphaCare about which Plaintiff complains were taken for good and just cause and legitimate non-discriminatory business reasons."[1] Subsequently, by Interrogatory No. 17, Plaintiff asked AlphaCare to explain the reason for Plaintiff's termination. AlphaCare responded: "Plaintiff was terminated from her position as SVP Operations at AlphCare after the elimination of her position…." That Defendant AlphaCare's verified response is false, *inter alia,* is evidenced by internal emails (not produced by Defendants) and Defendants' employee's social media, indicated that Plaintiff's position was not "eliminated", thereby contradicts its interrogatory response purportedly in support of its Third Affirmative Defense.

      For example, in email communication by Plaintiff's successor, Lori Ferguson, she identifies herself as the SVP of Operations for Defendant AlphaCare, the position AlphaCare supposedly "eliminated". Ms. Ferguson also identifies herself as SVP of Operations for Defendant AlphaCare on her LinkedIn profile and, while she occasionally adjusts her profile, it now definitively states that she has been the Senior Vice President for at least this year (2015), if not prior to this year.

---

[1] Defendant Magellan interposed a similar defense as its Fourth Affirmative Defense.

1776 Broadway, Suite 2030
New York, New York 10019
T 212 425 2600 F 212 202 3926

      We have also been able to confirm that Ms. Ferguson performs all, if not most, of the major job functions which Plaintiff performed. In Defendants' Rule 26 Disclosures, they merely identify Lori Ferguson as having "information respecting, *inter alia*, Plaintiff's job performance while employed with Defendant AlphaCare" when, in fact, she has Ms. Vega's actual job title and identifies many of the same job responsibilities. Further, AlphCare falsely avers that Ms. Ferguson is the VP of Operations, not the SVP of operations, the title the Plaintiff held, that is sworn to have been eliminated. Of significance is the fact that Ms. Ferguson is Caucasian and significantly younger than Ms. Vega.

      It is now apparent that Defendant AlphaCare (i) cannot support its only proferred, potentially viable defense of job "elimination" with actual evidence, and (ii) that its Manager of HR, Jessie French Danzi, the individual who verified AlphaCare's interrogatory responses, made false statements of material fact in this litigation. It would, therefore, be extremely prejudicial to allow AlphaCare to assert its Third Affirmative Defense containing a purported legitimate non-discriminatory reason for termination that it knows not to be true, thereby forcing Plaintiff to fully litigate her claims when its only ostensibly viable defense can be dismissed on summary judgment; indeed, proceeding with months of discovery in a case where the Defendant has no verifiable defense would unnecessarily exhaust substantial resources of the litigants and this Court. A party may move for summary judgment, identifying each defense—or the part of each defense—on which summary judgment is sought. Rule 56(a). *Hapag-Lloyd, Inc. v. Youell*, 1988 U.S. Dist. LEXIS 14165, 1988 WL 135387 (E.D.N.Y. Dec. 2, 1988).[2]

      Plaintiff's proof that her former position still exists not only negates Defendants' affirmative defenses of a legitimate non-discriminatory reason for her termination, it also proves that Defendant AlphaCare and its representatives have made false statements of material fact in sworn statements. The Court should not tolerate such behavior. If a party fails to make a truthful disclosure required by Rule 26(a), any other party may move for appropriate sanctions under rule 26(g). Fed. R. Civ. P. 26(g). *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 U.S. Dist. LEXIS 86651, 2011 WL 3471508 (E.D.N.Y. Aug. 5, 2011).

      Accordingly, we respectfully request conference with the Court to assess the need for motion practice on behalf of the Plaintiff (i) for summary judgment with respect to Defendant AlphaCare's Third Affirmative Defense[3] and (ii) for fees and sanctions.

                                             Respectfully submitted,

                                               Walker G. Harman, Jr.

cc:     Barbara E. Hoey, Esq. (via ECF)
       Jodi M. Frankel, Esq. (via ECF)

---

[2] There is no doubt that if either Defendant possessed a sworn document that wholly contradicted a claim of discrimination, it would engage in motion practice at its earliest opportunity in lieu of fully litigating the case. The Plaintiff possesses the same entitlement.

[3] We recognize that some limited discovery will likely be necessary to support Plaintiff's anticipated motion for Summary Judgment; Plaintiff seeks the Court's guidance as to the necessary, narrow discovery on this issue related to the Third Affirmative Defense.