May 4, 2015

**Via ECF**

Hon. Steven M. Gold
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Lillian Vega / AlphaCare of New York, Inc., et al.*
             *14 CV 5787 (MKB)(SMG)*

Dear Judge Gold:

      We write on behalf of Plaintiff Lillian Vega in the above-referenced matter to address a number of outstanding matters before the Court and to request that the Court order (i) that depositions take place on dates certain, and (ii) a briefing schedule for Plaintiff's motion to compel documents on a rolling basis and by a date certain. We also write in further support of our April 29, 2015 pre-motion letter; Plaintiff intends to file a motion for summary judgment at the close of discovery, July 24, 2015.

## Defendants Refuse to Schedule Depositions in a Timely Manner.

      In an effort to complete discovery on schedule, Plaintiff informed Defendants that Plaintiff Vega and Plaintiff's counsel are available every day in May except for May 13 through May 15 and May 18 through May 22 and every day in June.[1] Despite Plaintiff's and her counsel's broad availability, Defendants did not agree to take Plaintiff Vega's deposition until June 16, and refuse to schedule any other depositions for before Defendants' take Plaintiff Vega's deposition. As such, Plaintiff's depositions of Jessie Danzi, Dan Parietti and Lori Ferguson remain unconfirmed.

## Defendants Refuse to Schedule Timely Depositions of Witnesses Jessie Danzi, Dan Parietti and Lori Ferguson.

      Because of Defendants' obstructionism, Plaintiff cannot conclude taking depositions before the close of fact discovery on July 24, 2015.

---

[1] Even if Plaintiff were available every day in May, it would be impossible for Plaintiff's deposition to be held in May because Defendants have failed to produce any documents on a rolling basis. As such, Plaintiff would not be able to adequately prepare for her deposition.

### Jessie Danzi

Defendant AlphaCare identified Jessie Danzi as having information regarding Plaintiff's employment; Ms. Danzi was, indeed, the only AlphaCare employee with whom Defendant AlphaCare's counsel consulted to answer Plaintiff's interrogatories, which she then verified. As such, Ms. Danzi's deposition is vitally important to Plaintiff's ability to prosecute her case, and Defendants' failure to allow her deposition to proceed in a timely manner prejudices Plaintiff.

Defendants refuse to allow Plaintiff to take Jessie Danzi's deposition during the discovery period. On April 30, Defendants, for the first time, told Plaintiff that Jessie Danzi was due to give birth in June, and so could not be deposed until September. While Plaintiff appreciates that Ms. Danzi will not be available for several weeks in June and July, Defendants are obstructing discovery by refusing to allow Plaintiff to take her deposition during May. Defendants' conduct is particularly prejudicial given that Ms. Danzi certified false statements of fact in Defendant AlphaCare's Interrogatory Responses, including falsely identifying Lori Ferguson as AlphaCare's VP of Operations when, in reality, Ms. Ferguson is AlphaCare's SVP of Operations, which was Plaintiff's former position and the position Defendant AlphaCare claims to have eliminated.

### Dan Parietti

Dan Parietti is the current chief executive officer of AlphaCare. Defendant AlphaCare's response to Interrogatory No. 3 identified Dan Parietti as the sole individual who made the decision to terminate Plaintiff, and Defendant AlphaCare's response to Interrogatory No. 5 identified Dan Parietti as an employee with supervisory authority over Plaintiff. As such, his deposition is vitally important to Plaintiff's ability to prosecute her case, and Defendants' failure to allow his deposition to proceed in a timely manner prejudices Plaintiff.

### Lori Ferguson

Lori Ferguson reported to Plaintiff during Plaintiff's employment. After Plaintiff's termination, Ms. Ferguson took over Plaintiff's title, duties, and responsibilities. In and around early 2015, Ms. Ferguson began using the title of SVP of Operations, Plaintiff's former employment title. Defendant's purported legitimate non-discriminatory reason for Plaintiff's termination was that Defendants eliminated her position, which is belied by Ms. Ferguson's assumption of that title and role. As such, her deposition is vitally important to Plaintiff's ability to prosecute her case, and Defendants' failure to allow her deposition to proceed in a timely manner prejudices Plaintiff.

### **Defendants Have Not Produced Documents in Compliance with the Court's April 10, 2015 Order.**

Defendants raised serious concerns about their ability to provide Plaintiff's counsel with documents and represented that Defendants' production would include tens of thousands of documents. On April 10, 2015, the Court ordered that Defendants produce documents on a "rolling basis" by May 4. To date, except for a small number of documents in response to a

third-party subpoena, Defendants have not produced any additional documents. Plaintiff's counsel anticipates that Defendants plan to produce tens of thousands of pages on Plaintiff's counsel without giving it the necessary time to review them before depositions.

Pursuant to the Court's May 1, 2015 Order, Defendants have until May 18 to produce all responsive documents. We seek leave to compel production on a "rolling basis" by a specific date, and fees and costs in connection with the motion.

We thank the Court for its attention to these matters.

Respectfully submitted,

Walker G. Harman, Jr.

Cc:  Barbara E. Hoey, Esq. (via ECF)
     Jodi M. Frankel, Esq. (via ECF)