**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

BARBARA E. HOEY
DIRECT LINE: (212) 808-7628
EMAIL: bhoey@kelleydrye.com

May 8, 2015

**By ECF**

The Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Vega v. AlphaCare of New York, Inc. et al*
    14-cv-05787-MKB-SMG

Your Honor:

We represent the Defendants and write in response to Plaintiff's April 29, 2015 letter requesting a pre-motion conference in advance of a summary judgment motion which Plaintiff either planned or plans to file.[1] We submit that this motion is baseless and should not be permitted.

First, we have been in regular contact with Plaintiff's counsel regarding depositions and discovery, but he made no attempt to confer with us before filing this letter. That is unfortunate as some communication very well may have cleared up the allegations which Plaintiff raises— allegations which are based purely on Plaintiff's speculation and demonstrate Plaintiff's lack of knowledge about the circumstances at AlphaCare since her termination.

Second, Plaintiff's counsel advances serious allegations that Defendant AlphaCare made "demonstrably false" statements in its Answer. Counsel also makes the unsupported and troubling allegation that AlphaCare's "Manager of HR, Jesse French Danzi…made false statements of material fact" when verifying AlphaCare's Interrogatory responses. Plaintiff's

---

[1] In light of statements made by Plaintiff's counsel in his subsequent May 4 letter to the Court, it is not clear as to whether Plaintiff plans to file this motion now or at the close of discovery. At either time, the motion would be fruitless.

allegations are simply without factual basis. And these are very serious and reckless allegations to make, when not backed up by verifiable facts.

Third, Plaintiff has no basis—especially at this stage of the case where not a single deposition has been taken—to move for summary judgment. Indeed, even if the allegations in Plaintiff's letter about her former position were true – *which they are not* – it would not entitle Plaintiff to summary judgment.

The crux of Plaintiff's letter is based on the *false* assertion that Plaintiff's job was not in fact eliminated when she was terminated from AlphaCare in July 2014. As "evidence" of this purported "falsity," Plaintiff points to the 2015 LinkedIn profile and 2015 email signature of AlphaCare employee Lori Ferguson, where Ms. Ferguson identifies herself as "SVP of Operations for Defendant AlphaCare."

Plaintiff is wrong in her allegation that Plaintiff's job was not eliminated in July 2014. If Plaintiff's counsel had allowed for discovery to continue, he would learn that ***Plaintiff's job was indeed eliminated in July 2014*** and there is a simple explanation for Ms. Ferguson's current job title.

Given the Court's page limitation, we cannot detail in this letter Ms. Ferguson's full job history. Briefly, Ms. Ferguson's job title at AlphaCare from December 2013 through December 2014 was VP Operations. Ms. Ferguson reported to Plaintiff, until Plaintiff's termination. Ms. Ferguson's job title remained "VP Operations" for all of 2014 (including after Plaintiff's termination in July 2014) and until December 2014. Effective January 1, 2015, Ms. Ferguson and the rest of the AlphaCare staff became employees of Defendant Magellan. Ms. Ferguson was then given a Magellan title of "Senior Director, Operations Implementation," which remains her title today. In February, Ms. Ferguson was permitted to use a working title when communicating with members, vendors, and the public of "SVP Operations." However, even though she uses that working title, Ms. Ferguson does not hold the same position Plaintiff held back in July 2014. Plaintiff's job was eliminated in 2014. Ms. Ferguson holds a different job and has different responsibilities from Ms. Vega.[2]

Defendant AlphaCare also has made no false statements in its Initial Disclosures or Interrogatory Responses with respect to Ms. Ferguson's job title. The Initial Disclosures thus properly identified Ms. Ferguson as the "V.P. of Operations". In the interrogatories, Plaintiff asked Defendant AlphaCare to identify those persons who "complained about Plaintiff" and those persons "with information or knowledge concerning Plaintiff's work performance while

---

[2] We do not know how Plaintiff was "able to confirm" Ms. Ferguson's job functions, as is claimed in the May 4th letter to the Court. However, of the areas that reported to Plaintiff as SVP of Operations (e.g., Call Center, Claims, Intake, Enrollment, Community Liaisons, and Medicare Marketing), Ms. Ferguson presently oversees only the Call Center.

KELLEY DRYE & WARREN LLP

employed with AlphaCare and/or Magellan." In responding, Defendant AlphaCare identified Ms. Ferguson and further identified her as "VP of Operations"—the position she held at all relevant times during Plaintiff's employment with AlphaCare and the position she held when she complained about Plaintiff.

Notwithstanding the above, even if Plaintiff could prove her job was not eliminated—*which she cannot*—Plaintiff would not be entitled to summary judgment. Contrary to Plaintiff's assertion in her letter, this is not Defendant's "only ostensibly viable defense." The ultimate issue in this action is not whether Plaintiff's job was eliminated, but whether Plaintiff's termination was *because of* her age, race and/or gender. This is Plaintiff's burden to carry.

Assuming that Plaintiff were able to establish a *prima facie* case as to her discrimination claims, Plaintiff still cannot prevail in this action unless she proves **both** that the asserted reason for her termination was false **and** that that the real reason for her termination was based on discriminatory animus. See Simmons v. Akin Gump Hauer & Feld, LLP, 508 Fed.Appx. 10 (2d Cir. 2013); see also Hayes v. Cablevision Sys. New York City Corp., No. 07-cv-2438, 2012 WL 1106850 (E.D.N.Y. Mar. 31, 2012).

Further, the bifurcated discovery plan that Plaintiff asks the Court to sanction is wholly impractical. Again, even assuming that Plaintiff somehow could demonstrate that her position was not eliminated, this is not dispositive of Plaintiff's discrimination claims. The parties would then need to proceed with full discovery in order to determine whether Plaintiff could make out a *prima facie* case and then satisfy her ultimate burden of proving discrimination.

In summary, Plaintiff's letter presents no factual or legal basis for a summary judgment motion. We believe the Court should deny Plaintiff's request for a pre-motion conference outright. However, we will gladly participate in any such conference, if the Court believes it is necessary.

Respectfully submitted,

Barbara E. Hoey

cc: Walker G. Harman, Jr., Esq. (via ECF)